UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANTOINE ATKINS, | ) |
| | ) |
| Movant, | ) |
| | ) |
| v. | ) No. 4:05CV1038(DJS) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court upon the motion of Antoine Atkins, an inmate at the Federal Correctional Institution in Greenville, Illinois (FCI-Greenville), to vacate, set aside or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1]. Also before the Court is movant's motion for an extension of time to file a brief in support of his § 2255 motion [Doc. #2]. Because the Clerk of Court received and filed movant's brief on August 4, 2005, the motion for an extension of time will be denied as moot.

**Background**

On October 24, 2002, movant pled guilty to one count of conspiring to distribute and to possess with intent to distribute cocaine base. See United States v. Antoine Atkins, Case No. 4:01CR441(CEJ) (E.D. Mo.). On January 17, 2003, movant was sentenced to ninety months imprisonment followed by five years of supervised release. This Court's records indicate that movant

did not appeal either his conviction or sentence.[1]  This Court's records also indicate that movant has **not** filed a prior motion for relief pursuant to 28 U.S.C. § 2255.

### The motion

Liberally construing the motion, movant alleges that his drug conviction and sentence are invalid under the Supreme Court's decision in <u>Blakely v. Washington</u>, 124 S.Ct. 2531 (2004). In addition, movant asserts that his counsel was ineffective and that his conviction was obtained in violation of Rule 11 of the Federal Rules of Criminal Procedure.

### Discussion

Title 28 U.S.C. § 2255 now provides that a one-year period of limitations applies to § 2255 motions.  As applied to this case, the motion for relief pursuant to § 2255 is time barred.  As noted above, movant was sentenced on January 17, 2003, and he did not pursue a direct appeal of his conviction or sentence.  Consequently, movant had until January 27, 2004, to file his first § 2255 motion.  <u>See</u> 28 U.S.C. § 2255; Fed. R. App. P. 4(b)(1)(A).  The instant motion, however, was not filed until June 30, 2005.

Movant apparently contends that his motion falls under § 2255(3) which provides that the limitation period runs from

---

[1] Movant's § 2255 motion confirms that he did not appeal from the judgment of conviction.

"the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court, and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(3). Movant apparently argues that Blakely announced a new rule which is retroactively applicable to cases on collateral review and, therefore, extends the period for the filing of his initial § 2255 motion.

This argument, however, is without merit. In United States v. Moss, 252 F.3d 993 (8th Cir. 2001), a panel of the Eighth Circuit Court of Appeals held that the precursor to Blakely - Apprendi v. New Jersey, 120 S.Ct. 2348 (2000) - was not of watershed magnitude and that the holding of Teague v. Lane, 489 U.S. 288 (1989) barred the retroactive application of an Apprendi claim on collateral review. Similar reasoning prevents Blakely from being applied retroactively in the instant case.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that movant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 [Doc. #1] is **DISMISSED**, without prejudice, as time barred.

**IT IS FURTHER ORDERED** that movant's motion for an extension of time to file a brief in support of his § 2255 motion [Doc. #2] is **DENIED** as moot.

An appropriate order shall accompany this memorandum and order.

Dated this ___31st___ day of_August___, 2005.


/s/Donald J. Stohr
**UNITED STATES DISTRICT JUDGE**